IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP B. YOUNG<br>1205 30th St., S.E. #2<br>Washington, D.C. 20019<br><br>and<br><br>KEVIN Z. DAVIS<br>3914 Ellis Street<br>Capitol Heights, MD 20743<br><br>on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>KFC U.S. PROPERTIES<br><br>SERVE:<br>C.T. CORPORATION SYSTEM<br>1015 15th Street, N.W., #1000<br>Washington, DC 20005<br><br>    Defendant. | Case No.<br><br>**COMPLAINT -- COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Phillip B. Young and Kevin Z. Davis, on behalf of themselves and all others similarly situated, by and through undersigned counsel, allege as follows:

### I. INTRODUCTION

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1001 et seq. and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code § 32-1301 et seq., and is brought to recover unpaid minimum wages and unpaid overtime

compensation plus an additional amount as liquidated damages, the costs of this action and reasonable attorneys fees to which Plaintiffs, non-exempt former employees of KFC, along with all other non-exempt present and former employees of KFC are entitled.

2. Under federal law and District of Columbia law, employees must be paid the current minimum wage and in addition, must be paid 1.5 times their regular rate for all hours worked over 40 in a week, unless they qualify for a statutory exemption.

3. Although Defendant classified Plaintiffs and other employees as non-exempt, it failed to pay them overtime pay. In addition, Defendant failed to pay Plaintiffs and other nonexempt employees the minimum wage.

4. Defendant's acts violate federal and District of Columbia minimum wage and overtime laws and affect hundreds of their employees, current and former. Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, bring this claim and seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which they and the other non-exempt employees are entitled.

## II.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has jurisdiction over Plaintiffs' D.C. wage claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c), as Defendant does business within, and therefore may be deemed to reside within this judicial district.

## III.   PARTIES

7. Plaintiff Phillip B. Young is a resident of Washington, D.C. From April 2011 to

February 8, 2012, he was employed as a cook at Defendant's location at 2704 Good Hope road, S.E., Washington D.C. 20020. Although he routinely worked more than 40 hours per week, he did not receive overtime pay for overtime worked and in addition, was not paid the minimum wage for all of the hours that he worked.

8. Plaintiff Kevin Z. Davis is a resident of Capitol Heights, MD. From 2010 to February 2012 he was employed as a cook at Defendant's location at 2704 Good Hope road, S.E., Washington D.C. 20020. Although he routinely worked more than 40 hours per week, he did not receive overtime pay for overtime worked and in addition, was not paid the minimum wage for all of the hours that he worked.

9. Defendant is a Delaware Corporation. On information and belief, its principal office is located in Louisville, KY. Defendant has locations throughout the United States, including the District of Columbia.

10. Defendant, which is subject to FLSA requirements and the District of Columbia overtime and minimum wage laws, is an employer within the meaning of the FLSA, the District of Columbia Minimum Wage Act Revision Act and the District of Columbia Wage Payment and Wage Collection Act. Defendant was the employer of the Plaintiffs and all other non-exempt employees in Washington, D.C.

### IV.   COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs sue on behalf of themselves and all other non-exempt employees who worked for Defendant as cooks at any of its locations in the District of Columbia at any time from three years prior to the filing of this action to the entry of judgment in this action who give their consent in writing to become party Plaintiffs.

12. This is an appropriate collective or representative action under 29 U.S.C. §

216(b), D.C. Code § 32-1012 (b) and D.C. Code § 32-1308 (a). Plaintiffs and the other employees are similarly situated in that they (1) are or were employed by Defendant as cooks; (2) are or were all classified as nonexempt from the Fair Labor Standards Act; and (3) are or were not paid overtime and minimum wages.

### V. FACTS

13. At all relevant times, Plaintiffs worked as cooks for Defendant in Defendant's Good Hope Road, S.E. location.

14. Although Plaintiffs worked between five and seven hours of overtime each week, Defendant rarely if ever paid overtime.

15. In addition, Plaintiffs were not paid minimum wages for the hours that they worked for Defendant.

16. When Plaintiffs reported to work, they punched in on a timeclock machine. Plaintiffs also punched out on the timeclock machine when they left work.

17. If Plaintiffs were unable to punch in when they arrived at work, Defendant's managers and assistant managers would punch them in.

18. Defendant's managers and assistant managers would change Plaintiffs' hours by either punching them in late or by changing the hours reflected in Defendant's timeclock machine.

19. In addition, Defendant's managers and assistant managers routinely asked Plaintiffs to work "off the clock."

20. If Plaintiffs refused to work off the clock or complained about not being paid overtime or for all hours worked, Defendant's managers and assistant managers would cut their hours for the following week.

4

21.     Defendants' managers and assistant managers had an incentive to alter Plaintiffs' hours because Defendants' managers and assistant managers received a bonus from Defendant if their sales were high as compared to their employees' hours.

22.     Defendants' managers and assistant managers also had an incentive to alter Plaintiffs' hours so that they could make payments to their friends who were not employed by Defendant.

23.     Plaintiffs and those similarly situated to them worked or work in excess of 40 hours per week, yet in clear violation of the FLSA, the District of Columbia Minimum Wage Act Revision Act and the District of Columbia Wage Payment and Wage Collection Act, the Defendant willfully failed to pay Plaintiffs and those similarly situated to them for all hours worked and for hours in excess of 40 per week, one and one-half times their regular hourly rate.

## COUNT 1
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
(29 U.S.C. §§ 206(a) and 207(a))

24.     Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through ___ above as if fully set forth herein.

25.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action. Their written consent is attached to this Complaint.

26.     Defendant failed to pay Plaintiffs minimum wages as required by the FLSA, often failing to pay them at all for the work they performed in violation of 29 U.S.C. § 206(a). All similarly situated employees are similarly owed minimum wages for the work they performed.

27. Under 29 U.S.C. § 207(a), Plaintiffs are also entitled to additional compensation for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations. All similarly situated employees are similarly owed overtime compensation, calculated properly, for those overtime hours they worked and for which they were not properly paid.

28. Defendant's actions were willful as evidenced by its failure to pay Plaintiffs and those similarly situated to them minimum wages and overtime when Defendant knew or should have known that such was due.

29. By reason of the willful and unlawful acts of the Defendant, Plaintiffs and those similarly situated to them have suffered damages plus incurred costs and reasonable attorneys' fees.

30. As a result of the Defendant's violation of the FLSA, Plaintiffs and those similarly situated to them are entitled to liquidated damages in an amount equal to that which they are owed.

## COUNT 2
### VIOLATION OF DC MINIMUM WAGE ACT REVISION ACT
(DC CODE § 32-1003(a) and (c))

31. Plaintiffs reavers and realleges all allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32. The District of Columbia Minimum Wage Act Revision Act requires Defendant to pay Plaintiffs minimum wages and time and one-half overtime compensation for hours worked in excess of forty (40) per workweek. D.C. Code § 32-1003 (a) and (c).

33. Defendant's failure to pay Plaintiffs minimum wages for hours worked and overtime wages for hours worked over 40 hours per week violates the District of

Columbia Minimum Wage Act Revision Act.

34. Defendant's actions were willful and not in good faith as evidenced by its failure to pay Plaintiff minimum wages and overtime wages when Defendant knew or should have known that such was due.

35. Under D.C. Code § 32-1012, the Court is permitted to award unpaid wages, an additional amount as liquidated damages, reasonable attorney's fees and costs.

## COUNT 3
### VIOLATION OF DC WAGE PAYMENT AND WAGE COLLECTION ACT
(D.C. CODE § 32-1302 and § 32-1303)

36. Plaintiffs reavers and realleges all allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37. The District of Columbia Wage Payment and Wage Collection Act requires Defendant to pay Plaintiffs for all time worked.

38. Defendant has failed to pay Plaintiffs minimum wages for hours worked and time and one-half for all hours worked over forty.

39. Under D.C. Code § 32-1303(4) and § 32-1308, Plaintiff is entitled, in addition to minimum wages and back overtime compensation, to an additional amount as liquidated damages for Defendant's violation of the Wage Payment and Wage Collection Act and to reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs for themselves and for all employees similarly situated respectfully request that this Court:

1. Order the Defendant to file with this court and furnish to counsel a list of all

names and addresses of all Cooks who currently work for or who have worked for Defendant in the District of Columbia within the last three years;

2. Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former Cooks employed by the Defendant during the three years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action and of their right to opt into this lawsuit if they were not paid for all hours worked and the FLSA-required overtime;

3. Declare and find that the Defendant committed one or more of the following acts:

    a.  Violated provisions of the FLSA, the District of Columbia Minimum Wage Act Revision Act and the District of Columbia Wage Payment and Wage Collection Act by failing to pay minimum wages and overtime wages to Plaintiffs and similarly situated persons who opt into this Action;

    b.  Willfully violated the provisions of the FLSA, the District of Columbia Minimum Wage Act Revision Act and the District of Columbia Wage Payment and Wage Collection Act;

4. Enter judgment against Defendant for all unpaid wages and overtime compensation found due to Plaintiffs and all similarly situated employees as a result of Defendant's violation of 29 U.S.C. §§ 206(a) and 207(a), D.C. Code § 32-1003, and D.C. Code §§ 32-1302 and 32-1303, plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b), D.C. Code § 32-1012 (a), D.C. Code § 32-1303 (4) and D.C. Code § 32-1308;

5. Award Plaintiffs the costs of this action and their reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b), D.C. Code § 32-1012 (c) and D.C. Code § 32-

1308 (b).

6. Grant Plaintiffs such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: 8/2/2012

Respectfully submitted,

*Alan Lescht*
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
ALAN LESCHT & ASSOCIATES, P.C.
1050 Seventeenth St., N.W.
Suite 400
Washington, DC 20036
(202) 463-6036
(202) 463-6067 (fax)
Attorneys for Plaintiff

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, Phillip B. Young, declare as follows:

1. I am a former employee of Defendant KFC U.S. Properties, Inc.

2. I consent to be a Plaintiff in this action. I wish to seek unpaid wages and overtime compensation under the Fair Labor Standards Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28 day of June, 2012, at Washington, D.C.

_____
Phillip B. Young

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, Kevin Z. Davis, declare as follows:

1. I am a former employee of Defendant KFC U.S. Properties, Inc.

2. I consent to be a Plaintiff in this action. I wish to seek unpaid wages and overtime compensation under the Fair Labor Standards Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28 day of June, 2012, at Washington, D.C.

_____
Kevin Z. Davis